UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**NAHESI PARMES,**

Plaintiff,

v. **No. 4:26-cv-0823-P**

**TRODNEY NEWTON,**

Defendant.

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On October 21, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 11. The FCR recommended that the above-styled and numbered cause be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 11 at 1. Plaintiff filed an Objection to the FCR on November 2, 2026. ECF No. 15. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Court will **DISMISS** the action, **ADOPT** the reasoning in the Magistrate Judge's FCR and **OVERRULE** Plaintiff's Objection.

On July 7, 2026, Pro se Plaintiff Nahesi Parmes ("Plaintiff") filed the above-styled and numbered cause of action against Trodney Newton ("Defendant"). ECF No. 3. On October 6, 2026, the Court warned Plaintiff to file proof of service or an affidavit establishing good cause pursuant to Rule of Civil Procedure 4(m). ECF No. 10. As of the 20th, Plaintiff failed to file proof of service or an affidavit establishing good cause for the failure to do so. Accordingly, the Magistrate Judge recommended dismissal with prejudice. ECF No. 11.

The serving party bears the burden of proving good cause for failure to effect timely service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511

(5th Cir. 2013). Proof of good cause requires “at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.” *Id*. Additionally, some "showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.” *Id*.

Plaintiff does not dispute her noncompliance. ECF No. 15 at 2. Nor does she provide good cause. *See generally* ECF No. 15. She simply objects that her failure to comply was not willful. ECF No. 15 at 2. That is not enough under 4(m)—alleging lack of willfulness or intentional noncompliance is not the same as a showing of good faith and reasonable basis. Accordingly, the Court agrees with the Magistrate Judge that the case be dismissed and will **OVERRULE** the objection.

Therefore, having conducted a *de novo* review of the Magistrate Judge’s FCR and Plaintiff’s Objection, the Court **ADOPTS** the reasoning in the Magistrate Judge’s FCR and **OVERRULES** Plaintiff’s Objection. Accordingly, the case is **DISMISSED with prejudice**.

**SO ORDERED** on this **4th day** of **November, 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE